UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| WALLACE EUGENE ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:07-cv-183 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| THOMAS G. PHILLIPS, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | |
| | ) | |

This habeas corpus action is before the court on petitioner's objections to the report and recommendation of the magistrate judge. The habeas corpus petition, brought *pro se* by a state prisoner, challenges petitioner's sentence of 60-to-90 months, entered by the Gratiot County Circuit Court after petitioner entered a plea of guilty to a felony charge of operating under the influence of liquor, third offense. The magistrate judge concluded that petitioner's challenge to the circuit court's decision under state sentencing guidelines failed to state a claim for habeas corpus relief, and that petitioner's claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny had no application to the Michigan system of indeterminate sentencing. This court affords *de novo* review to petitioner's timely objections. FED. R. CIV. P. 72(b).

With regard to the challenge to his sentence under state sentencing guidelines, petitioner merely reasserts his argument that the trial judge did not have "substantial and compelling reasons" to depart from the sentencing guidelines. Petitioner continues in his inability to discern that federal habeas corpus relief lies only for violation of a defendant's constitutionally guaranteed rights,

and not state-law requirements. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Furthermore, even if this court had authority to review the propriety of sentencing under state-law guidelines, petitioner's challenge would be frivolous. By their terms, the state sentencing guidelines do not apply to habitual offenders. *See People v. Cologne*, 644 N.W. 2d 790, 793-94 (Mich. Ct. App. 2002). Because petitioner was sentenced as a second felony offender, the advisory state sentencing guidelines had no possible application to his case, and the court was free to impose any sentence up to the statutory maximum. Petitioner's eleventh-hour claim, asserted for the first time in his objections, that his sentence was cruel and unusual under the Eighth Amendment, is not properly before the court, as it was not exhausted in the state courts. In any event, such a claim is utterly frivolous on the facts of this case.

Likewise, petitioner's reliance on *Apprendi* and its progeny is unavailing. Michigan is an indeterminate sentencing jurisdiction. The maximum sentence is established by law and cannot be varied by the sentencing court. The court's only discretion is in setting the minimum. *Apprendi* and its progeny only apply when judicial fact-finding has the effect of increasing a maximum sentence. For this reason, the Supreme Court has squarely held that judicial fact-finding in indeterminate sentencing systems does not invade the province of the jury. *See Blakely v Washington*, 542 U.S. 296, 308-09 (2004). The *Apprendi* line of cases therefore has no application in the Michigan sentencing system. *See Conner v. Romanowski*, No. 05-74074, 2007 WL 1345066 at * 5-6 (E.D. Mich. May 4, 2007) (collecting cases). Petitioner's only articulated objection is that his sentence is against the "logic" of the Supreme Court in the *Blakely* decision. As seen above, *Blakely* affirmatively rejects petitioner's contentions.

For the foregoing reasons, petitioner's objections will be overruled and the petition will be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Dated:   May 30, 2007             /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT JUDGE